UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CR-00035-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN WADE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's motion for redaction of personal medical information in his sentencing transcript citing the Health Insurance Portability and Accountability Act ("HIPAA"). [DE-64, -67].[1] The government did not respond to the motion, and the time within which to do so has expired.

To effectuate Defendant's request, the court would be required to seal the sentencing transcript and order a redacted version filed in the public record. This would restrict the public's access to certain information presented to the court at sentencing. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before denying access to publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial

---

[1] The original motion [DE-64] was not signed by Defendant, however he corrected the deficiency and the motion was refiled [DE-67].

records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). The common law presumption of access may be overcome "if competing interests outweigh the interest in access," while access under the First Amendment "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* "For a right of access to exist under either standard, however, the document must first qualify as a judicial record." *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) (unpublished) (citing *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013)). A "judicial record" is one that "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights." *Id.* (quoting *In re U.S.*, 707 F.3d at 290).

Here, the sentencing transcript is a judicial record, because it is the court's record of the sentencing proceeding at which defendant's substantive rights were adjudicated. The common law presumption of access attaches to the sentencing transcript due to its nature as a judicial record. *In re U.S.*, 707 F.3d at 291 (finding that the common law presumption attached to documents that the court concluded were "judicial records," but that further inquiry was necessary to determine whether a First Amendment right to access also existed). To determine whether a right to access under the First Amendment attaches, the court considers "(1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* (citations and internal quotation

marks omitted). Sentencing proceedings have historically been open to the public, and the public's access is vital to promoting "public confidence in the criminal justice system." *United States v. Harris*, No. CR 12-156 (CKK), 2016 WL 4543983, at *3 (D.D.C. Aug. 31, 2016) (unpublished) (recognizing that the public's access to sentencing memoranda permits public oversight at sentencing). Therefore, the First Amendment right to access applies to the sentencing transcript. *See United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005) (holding that a "qualified First Amendment right of public access attaches to sentencing proceedings.").

In order to overcome the right to access, Defendant must present a compelling interest. Defendant contends his medical and mental health information is protected by HIPAA. Defendant has cited no authority for the proposition that HIPAA applies to Defendant's disclosure of his own medical information in a criminal proceeding. Furthermore, because Defendant "has chosen to introduce the medical information in an attempt to mitigate his sentence," and the court heard and considered the information in a public sentencing proceeding, the public's right to access is not outweighed by Defendant's privacy interest in the medical information. *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (unsealing sentencing memoranda containing Defendant's medical information). Accordingly, the motion for redaction is denied.

SO ORDERED, this 22 day of February 2017.

Robert B. Jones, Jr.,
United States Magistrate Judge

3