IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-35-BR
No. 7:16-CV-183-BR

KEVIN WADE,                          )
                    Petitioner,      )
                                     )
        v.                           )        ORDER
                                     )
UNITED STATES OF AMERICA,            )
                    Respondent.      )


This matter is before the court on petitioner's 28 U.S.C. § 2255 motion.   (DE # 54.)

In 2014, petitioner pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery") and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).   The court sentenced petitioner to a total term of 108 months imprisonment.   Petitioner did not appeal.

In June 2016, petitioner filed *pro se* this § 2255 motion.   Petitioner claims that he is factually and legally innocent of his § 924(c) conviction because conspiracy to commit Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c) and, as such, his guilty plea to the § 924(c) count is not knowing and voluntary.[1]   (See Mot., DE # 54, at 4, 6.)

On the government's motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019).   (DE # 62.)   After those decisions issued, the court

---

[1] After petitioner filed *pro se* this § 2255 motion, court-appointed counsel filed a notice of appearance on his behalf and a separate notice stating that petitioner's *pro se* motion accurately presented his claim "and no amendment to his motion is necessary," (DE # 59, at 1).

directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In its supplemental brief, the government argues because petitioner's § 924(c) conviction was predicated on a "crime of violence," Hobbs Act *robbery*, not Hobbs Act *conspiracy*, the conviction is valid. (DE # 76, at 2.) It maintains petitioner's § 2255 motion should be dismissed. (Id. at 3.) Petitioner, through court-appointed counsel, maintains that Hobbs Act robbery is not a crime of violence under either clause of § 924(c)(3) and requests that the court vacate his § 924(c) conviction. (See Resp., DE # 78.)

A "crime of violence" for purposes of § 924(c) is defined as

an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court recently held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted), and petitioner recognizes as much, (see Resp., DE # 78, at 3). Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner's § 924(c) conviction, remains a crime of violence, petitioner is not entitled to relief under § 2255.

The § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is

DENIED.

This 30 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge