IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-35-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KEVIN WADE | ) |

This matter is before the court on defendant's 27 July 2017 letter.[1] (DE # 72.) In the letter, defendant states that he believes his "federal and state time" were supposed to be served concurrently, and if that belief is accurate, he requests the judgment be amended. (Id.) Otherwise, he requests that the court reconsider running his federal term of imprisonment concurrently with his state term of imprisonment. (Id.)

In 2014, the court sentenced defendant to a total term of 108 months imprisonment. The judgment does not indicate how defendant's terms of imprisonment should run to any state sentence. (See DE # 51, at 2.) At sentencing, there was no mention of the fact that defendant was serving any other sentence. (See 5/5/14 Tr., DE # 66.) The Presentence Report does not show defendant has been convicted of any state charges. (See DE # 48, at 4.) The Report indicates that defendant was in state custody for related charges from 1 October to 23 October 2012, which charges were dismissed in lieu of this prosecution, and for an unrelated charge from 27 May to 29 July 2013, which charge was pending. (DE # 48, at 1, 4-5, 7.) According to the Bureau of Prisons website, defendant is currently serving his sentence at USP Atlanta. See Federal Bureau of Prisons Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2019).

---

[1] The court received this letter while defendant's 28 U.S.C. § 2255 proceeding was placed in abeyance. Recently, the court dismissed defendant's § 2255 motion, and the Fourth Circuit Court of Appeals dismissed defendant's appeal of the dismissal. (See DE ## 79, 86.)

Based on the foregoing, it does not appear that at the time of defendant's sentencing, he had been convicted of any state offense. Of course, subsequently, defendant may have been convicted and sentenced for a state offense. In any event, this court can modify or amend defendant's sentence of imprisonment only in limited circumstances, none of which are present here. See 18 U.S.C. § 3582(c). Furthermore, although "the United States Supreme Court [has] determined that a federal district court has the discretion to order a criminal defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence," "there is no basis to conclude that the decision . . . authorize[s] post-judgment modification of a sentence by this Court." United States v. Short, No. 1:08CR446-2, 2014 WL 645355, at *1 (M.D.N.C. Feb. 18, 2014) (citing Setser v. United States, 566 U.S. 231, 236 (2012)). The court lacks the authority to amend or reconsider defendant's sentence of imprisonment to make it run concurrently with any state sentence. Accordingly, to the extent defendant's letter could be deemed a motion, it is DENIED.

This 30 December 2019.

_____
W. Earl Britt
Senior U.S. District Judge