IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-35-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN WADE | ) | |

This matter is before the court on defendant's *pro se* motion requesting the government to withdraw its representation allegedly made in violation of Federal Rule of Civil Procedure 11(b). (DE # 96.) According to defendant, in its briefing on defendant's earlier 28 U.S.C. § 2255 motion, the government improperly represented that defendant's 18 U.S.C. § 924(c) was predicated on Hobbs Act robbery, rather than Hobbs Act conspiracy. (Id. at 3.) He requests that the government "correct the representation consistent with Fed. R. Civ. P. 11(c)(1)[]." (Id. at 4.)

To the extent defendant's motion could be construed as seeking relief from this court such as to correct a defect in his § 2255 proceeding, cf. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) ("A Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings,' however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." (citation omitted)), or to impose sanctions against the government under Fed. R. Civ. P. 11, the court declines to do so. The indictment, plea agreement, presentence report, and sentencing transcript all confirm that defendant pled guilty to, and was sentenced for, Hobbs Act robbery (and a violation of § 924(c)). (See Ind., DE # 1, at 1-2; Pl. Agreement, DE # 43, at 3-4; PSR, DE # 48, at 1, 3, 8-9; 5/5/14 Tr., DE # 66.) Therefore, the government's representation was accurate. Defendant's judgment, however, inaccurately describes the nature of the offense as Hobbs Act conspiracy. For this reason, the court will

correct this clerical error by entry of an amended judgment. See Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

Defendant's motion is DENIED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 17 March 2022.

W. Earl Britt
Senior U.S. District Judge